## LOUIS SCHERZER PARTNERS LP, Plaintiff,

v.

## FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Defendant.

### Civ. No. 94–1563–FR.

United States District Court, D. Oregon.

July 19, 1995.

Robert T. Scherzer, Portland, OR, for plaintiff.

Nancy K. Cary, William R. Turnbow, Hershner, Hunter, Moulton, Andrews & Neill, Eugene, OR, for defendant.

## OPINION

FRYE, Judge:

The matter before the court is the petition of the defendant, the Federal Deposit Insurance Corporation, for an award of attorney fees in the amount of $19,150.56 (# 25).

## BACKGROUND

On May 30, 1989, the plaintiff, Louis Scherzer Partners LP, and the Federal Savings and Loan Insurance Corporation (the FSLIC) entered into a Real Estate Purchase and Sale Agreement (hereinafter referred to as "the Agreement"). With the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, the defendant, the Federal Deposit Insurance Corporation (the FDIC), succeeded to all of the rights of the FSLIC under the terms of the Agreement.

Under the terms of the Agreement, Louis Scherzer Partners LP agreed to purchase a 14.89 acre parcel of property located in Clark County, Washington (hereinafter referred to as "the Property"). Louis Scherzer Partners LP intended to fully develop the Property as commercial property. Pursuant to the Agreement, Louis Scherzer Partners LP signed a Promissory Note and Trust Deed and the sale of the Property closed in July of 1990.

On August 26, 1994, Louis Scherzer Partners LP filed an action to rescind the Agreement. Louis Scherzer Partners LP alleged that they had entered the Agreement with the FDIC under the mutual mistake that the Property could be fully developed as commercial property, and that the purpose in buying the Property for commercial development was frustrated.

On May 15, 1995, this court granted the first motion for summary judgment of the FDIC on the grounds that Louis Scherzer Partners LP were not entitled to rescission.

On May 25, 1995, the FDIC filed this action seeking an award of attorney fees pursuant to the Agreement.

The Agreement provides, in relevant part:

26. *Attorneys' Fees.* In the event of any suit, action or other proceeding involving the rights of the parties under this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees as fixed by the court at trial and/or on appeal.

## CONTENTIONS OF THE PARTIES

The FDIC contends that it is entitled to an award of attorney fees pursuant to Paragraph 26 of the Agreement, and that the amount of attorney fees and expenses sought is reasonable.

Louis Scherzer Partners LP contends that the FDIC cannot prevail on its petition for an award of attorney fees because the facts do not warrant an assessment of attorney fees in its favor, and that the amount of attorney fees requested by the FDIC is unreasonable and unjustified due to the amount of work performed.

## ANALYSIS

Louis Scherzer Partners LP contends that the attorney fees provision in the Agreement limits an award of attorney fees to those incurred "at trial and/or appeal" and does not entitle the FDIC to collect attorney fees for the filing of a motion for summary judgment. The court finds, however, that the FDIC has prevailed in this matter at the trial court level and is therefore entitled to collect reasonable attorney fees pursuant to Paragraph 26 of the Agreement.

Louis Scherzer Partners LP contends that the amount of attorney fees requested is not reasonable because the FDIC did not have to conduct substantial research. Louis Scherzer Partners LP explains that the pertinent case was given to the FDIC by Louis Scherzer Partners LP seven months before the case was filed.

The court finds that it was reasonable for the attorneys for the FDIC to research the case fully, and that the fees incurred for this purpose are reasonable and should be allowed.

Louis Scherzer Partners LP contends that the attorney fees requested by the FDIC are not justified by the amount of work performed. Louis Scherzer Partners LP explains that there was no discovery in this case from the time that the FDIC moved for a postponement until after the summary judgment hearing. In addition, since summary judgment was granted upon the unambiguous terms of the Agreement, the amount of attorney fees requested by the FDIC is not reasonable.

The court finds that these fees have been properly documented and were reasonably incurred. They will be allowed.

Finally, Louis Scherzer Partners LP contends that the attorneys for the FDIC performed unnecessary legal research regarding the issue of the assumption of risk, which was an issue decided by the court upon the language of the Agreement; that the attorneys for· the FDIC billed for time spent drafting interrogatories which were never produced in this case; that the attorneys for the FDIC billed for time spent drafting a first motion for partial summary judgment when no such motion was ever filed in this case; and that the record shows a duplication of services by the attorneys for the FDIC regarding the drafting of a motion for summary judgment, legal research, and drafting interrogatories.

This court finds that it was not unreasonable for the attorneys for the FDIC to fully research each point presumed to be raised in this case, including the issue of assumption of risk; that it was not unreasonable for the attorneys for the FDIC to have drafted interrogatories before the date of the motion to postpone discovery; that it was not unreasonable for the attorneys for the FDIC to have researched and drafted a motion for partial summary judgment before filing the motion for summary judgment; and that it was not unreasonable for the attorneys for the FDIC to have worked together on a project and to have duplicated to some extent

their services. The court finds that the attorney fees requested by the FDIC are properly documented and were reasonably incurred and shall be allowed.

## CONCLUSION

The petition of the FDIC for an award of attorney fees in the amount of $19,150.56 (# 25) is granted.